UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH D. GILBERTI,<br><br>                Plaintiff,<br>  v.<br><br>WORLD BANK GROUP et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-00297-TL<br><br>ORDER OF DISMISSAL |

This matter is before the Court on its own motion. Plaintiff Joseph D. Gilberti appears *pro se* and *in forma pauperis*. For the reasons explained below, the Court DISMISSES this case.

## I.    BACKGROUND

On January 27, 2025, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), along with a proposed complaint. Dkt. Nos. 1, 1-1. Plaintiff has filed some version of this complaint in many district courts across the country, "based on actions that occurred in Florida regarding, among other things, water resource in Florida and property in Florida." *Gilberti v. Vance*, No. C25-139, 2025 WL 988054, at *1 (D.N.M. Apr. 2, 2025). On February 18, 2025, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's

IFP motion (Dkt. No. 3), and Plaintiff's complaint was docketed that same day (Dkt. No. 4). On April 18, 2025, Plaintiff requested a 90-day extension to his deadline to serve Defendants. Dkt. No. 5; *see* Fed. R. Civ. P. 4(m).

## II. LEGAL STANDARD

Civil actions in federal court may be brought, with exceptions that are not relevant here, only in the judicial district where defendants reside or in a district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is within the discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("[T]he district court did not abuse its discretion by dismissing [rather than transferring under 28 U.S.C. § 1406] . . . ."). "[T]ransfer generally is not in the interest of justice when a complaint is frivolous." *Washington v. McCabe*, No. C24-3661, 2024 WL 2119246, at *1 (C.D. Cal. May 9, 2024) (citing *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015)).

## III. DISCUSSION

A civil action may be bright in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is

ORDER OF DISMISSAL - 2

subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, the Western District of Washington is an improper venue. First, not all Defendants are residents of Washington. *See* Dkt. No. 4 at 1–2. In fact, of the more than 200 Defendants, it appears that only three reside in Washington: the Governor of Washington, the University of Washington, and the Washington State Department of Ecology. *Id.* Second, "[t]here are no allegations that the acts and omissions giving rise to Plaintiff's claims occurred in [Washington]. The subject property is situated in Florida." *Gilberti v. Vance*, 2025 WL 988054, at *1. Third, because Section 1391(b)(2) tends to point toward Florida as an appropriate venue, the "catch-all" provision of Section 1391(b)(3) does not apply. *See, e.g.*, *Rajapakse v. Escrow.com*, No. C21-801, 2021 WL 2473933, at *1 (S.D. Cal. June 17, 2021) ("Since Plaintiff could file her lawsuit in other districts under Section 1391(b)(1) or (b)(2), Section 1391(b)(3) is inapplicable in the instant lawsuit . . . ."). Indeed, Plaintiff states in the complaint that "[v]enue is appropriate in Palm Beach County . . . due to an UNDUE INFLUENCE in West and South Florida on Plaintiff's civil rights." Dkt. No. 4 at 4 (capitals in original).

Further, if (1) a case has been filed in the wrong venue, and (2) transfer is not in the interest of justice, then dismissal is the appropriate course of action. *See* 28 U.S.C. § 1406(a); *Rodriguez-Roman v. I.N.S.*, 98 F.3d 416, 424 (9th Cir. 1996) ("[W]e may . . . decline to transfer if the petition or appeal is frivolous."). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see, e.g.*, *Marcos-Chavela v. Utah*, C22-975, 2022 WL 3018242, at *2 (W.D. Wash. July 29, 2022) (dismissing with prejudice undecipherable complaint against several states). "[A] finding of factual frivolousness is appropriate when the facts rise to the level of the irrational or wholly incredible,"

such as allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) ("[W]e are confident that the district courts . . . are in the best position to determine which cases fall into this category."). In evaluating a complaint for frivolousness, a court is not bound to accept the truth of the plaintiff's allegations, even if they are not clearly rebutted by judicially noticeable facts. *Id.* at 32.

Here, in addition to this case having been filed in the wrong venue, the Court finds that Plaintiff's complaint is frivolous. To begin with, the Complaint alleges "**Terrorism against America pursuant to HR 5736 Mod of 2012, per Article 1, Section 8, Fraud, Theft, Regional Water Supply Eugenics, Racketeering, Negligence, Quieting Title, Trespass and ejectment pursuant to Florida Statutes**," as well as "*Mass Torts, Racketeering Influence and Corrupt Organization, Negligence, Fraud on United States of America and its Primary Water Supply from Earth's Core Found by Plaintiff and timed Terrorism to Subdue Engineer of Record with HR 5736* **Conspiracy per Title 18 US Code, 241 & 242**." Dkt. 4 at 2 (italics and boldface in original). The Complaint touches on such diverse subjects as the mass shooting at Marjory Stoneman Douglas High School in Parkland, Florida (*see id.* at 9); the September 11, 2001, terrorist attacks (*id.* at 7); and the COVID-19 pandemic (*see id.* at 18). At its heart, however, the complaint appears to be concerned with a massive misappropriation of Florida drinking water, and the Defendants' alleged efforts to silence Plaintiff and prevent him from exposing the crime and/or distributing the drinking water to Americans who might need it.

Plaintiff has filed carbon copies of his complaint—with minor changes to its prefatory text and some rotation of the lead defendants—in numerous district courts across the country. *See, e.g.*, *Gilberti v. U.S. Cong.*, No. C25-953, 2025 WL 1094477, at *1 (D. Md. Apr. 11, 2025); *Gilberti v. de Rothschild*, No. C25-355, slip op. at 2–3 (C.D. Cal. Apr. 7, 2025); *Gilberti v. Zuckerberg*, No. C25-10707, 2025 WL 848437, at *1–2 (E.D. Mich. Mar. 18, 2025). One court

described the complaint as "patently insubstantial, essentially fictitious, and obviously without merit." *Gilberti v. Council of Nat'l Defense*, No. C24-1575, 2024 WL 3548904, at *2 (M.D. Fla. July 26, 2024). Another found it "frivolous and/or delusional." *Gilberti PE v. Gore*, No. C25-159, 2025 WL 818157, at *2 (M.D. Tenn. Mar. 14, 2025). Over the first four months of 2025, many district courts have dismissed some version of this complaint as frivolous.

This Court now joins them. The allegations in the Western District of Washington version of the complaint are meritless. Plaintiff alleges, for example, that Defendants' alleged misdeeds compelled him to:

> **protect our fellow Americans from these US Terrorist Politicians and Lawyers in Florida, such as Greenberg Traurig and Henderson Franklin and all Sarasota Lawyers (its a gang) tied to Rothschild World Bank and a gang of Retarded Judges who lie, cheat and steal to kill children with Cancer Rates at the tap by PLAYING STUPID ON EVIDENTIARY HEARING and NOT ALLOWING ANY EVIDNCE while they attack with Desantis and Yale fools for 10yrs.**

Dkt. No. 4 at 6 ¶ 15 (boldface in original). Plaintiff includes in his complaint a reproduction of an upside-down twenty-dollar bill and, referring to Andrew Jackson's eyes, alleges that "This mask has been on the $20bill since 2003 and is part of the same Smith-Mundt[1] Modification pattern used to subdue [Plaintiff] with various Terrorist attacks shown in this complaint and multiple filed related cases throughout Florida and Washington DC." *Id.* at 10. By themselves, Plaintiff's allegations against various United States presidents push the complaint beyond belief and into the realm of the frivolous. The complaint identifies President Obama as "Black Harvard Terrorist President Barrack Hussain [*sic*] Obama" and declares that President Trump has "replaced the last Terrorist President tied to Harvard and Yale and Defendants with Catholic

---

[1] *See* U.S. Information and Educational Exchange (Smith-Mundt) Act of 1948, Pub. L. 80–402, 62 Stat. 6 (1948) (codified at 22 U.S.C. §§ 1431–1480).

Church filled with Pedophiles tied to Epstein list in Florida." *Id.* at 6 ¶ 16. Both Presidents Bush "attack[ed] Americans and their Water Supply with the DOJ," while President Clinton is "associated with 72 Partners LLC, and their funders via Donnie Clark of Myakka City or Myakka Gold drug dealers." *Id.* at 7 ¶¶ 18–19. As pleaded, these allegations are implausible.

"[L]eave to file an Amended Complaint is not warranted. The frivolous nature of the factual allegations is sufficient reason alone to deny leave to amend." *Washington*, 2024 WL 2119246, at *2 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.")).

Therefore, the complaint (Dkt. No. 4) is DISMISSED.

## IV.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   This case is DISMISSED without leave to amend;

(2)   Plaintiff's motion for extension of time to serve defendants (Dkt. No. 5) is DENIED as moot.

Dated this 25th day of April 2025.

Tana Lin
United States District Judge

ORDER OF DISMISSAL - 6